# EXHIBIT A

*Filed and Attested by the
Office of Judicial Records
21 DEC 2023 04:12 pm
G. SMITH*

| | |
|---|---|
| EMANUEL MINTO,<br><br>                    Plaintiff,<br>vs.<br><br>SOLAR MOSAIC, LLC<br><br>                    Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL DIVISION<br><br>_____ Term, 2023<br><br>No. _____ |

| NOTICE TO DEFEND | AVISO |
|---|---|
| You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.<br><br>Philadelphia Bar Association<br>Lawyer Referral and Information Service<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 191072911<br>Telephone: (215) 238-6333 | Lo(a) han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTEMENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>Asociación de Licenciados de Filadelfia<br>Servicio de Referencia E Información Legal<br>1101 Market Street, 11th Floor<br>Philadelphia, Pennsylvania 191072911<br>Teléfono: (215) 238-6333 |

Case ID: 231202650

| | |
|---|---|
| FLITTER MILZ, P.C.<br>BY: CARY L. FLITTER<br>Attorney ID No. 35047<br>BY: ANDREW M. MILZ<br>Attorney ID No. 207715<br>BY: JODY T. LÓPEZ-JACOBS<br>Attorney ID No. 320522<br>450 N. Narberth Ave, Suite 101<br>Narberth, PA 19072<br>(610) 822-0782<br><br>ROBERT P. COCCO, P.C.<br>Attorney ID No. 61907<br>1500 Walnut Street - Suite 900<br>Philadelphia, PA  19102<br>(215) 351-0200 | Attorneys for Plaintiff |

**THIS IS NOT AN ARBITRATION MATTER**
**AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED**

| | |
|---|---|
| EMANUEL MINTO,<br><br>    Plaintiff<br><br>    v.<br><br>SOLAR MOSAIC, LLC,<br><br>SUNWISE ENERGY LLC,<br><br>GRAYSQUARE INC.,<br><br>CONCORD SERVICING CORP.,<br><br>    Defendants | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL DIVISION<br><br>_____ Term, 2023<br><br>No. _____ |

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS TO WHICH HE IS SO ENTITLED.**

**COMPLAINT – CIVIL ACTION**

2

Case ID: 231202650

I. **PRELIMINARY AVERMENTS**

1. This is an action for damages and other relief brought by an elderly consumer pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and state law.

2. Defendants are in the business of soliciting consumers for the purchase of solar panels and/or installing solar panels on consumers' homes. Defendants' sales agents solicit consumers at their homes to enter 25-year loans and other contracts using electronic tablets such as iPads.

3. Applicable law requires that Defendants provide consumers a copy of the contract documents at the time of signing. The law also affords consumers the right to cancel the contract within three business days of receiving the contract.

4. The elderly Plaintiff's signature and initials were forged on various solar contract documents, including a 25-year Loan Contract. Defendants were able to conceal the fraudulent contract from Plaintiff by fabricating and/or falsifying Plaintiff's email address and signing the documents for him electronically, without his knowledge or consent.

5. At the time of the forgery, Defendants did not provide written disclosures regarding the existence of a loan, the annual percentage rate, the finance charge, or the amount financed.

6. Soon after Mr. Minto learned of the existence of a 25-year loan and other contract documents forged in his name, a notice of cancellation was sent to Defendants, but Defendants refused to honor the notice of cancellation.

Case ID: 231202650

7. Defendants also violated the FCRA, which restricts access to consumer credit reports except for specific, statutorily enumerated purposes under 15 U.S.C. § 1681b(f). Defendants, without notice or permission, accessed Plaintiff's consumer reports under false pretenses, without any permissible purpose or authorization.

II. **PARTIES**

8. Plaintiff is EMANUEL MINTO, is a 90-year-old consumer who resides at 3386 Red Lion Rd., Philadelphia, PA 19114.

9. Defendant SOLAR MOSAIC, LLC ("SOLAR MOSAIC") is a California limited liability corporation with a principal office at 601 12th Street, Suite 325, Oakland, CA 94607.

10. SOLAR MOSAIC is in the business of offering consumers loans for residential solar panels.

11. Defendant SUNWISE ENERGY LLC ("SUNWISE") is a limited liability corporation with a principal office at 29 Bala Ave., Bala Cynwyd, PA 19004.

12. SUNWISE is a licensed Home Improvement Contractor in Pennsylvania, registration number 163313.

13. Defendant GRAYSQUARE SOLAR ("GRAYSQUARE") is a corporation with a principal office at 1010 N. Hancock St., Philadelphia, PA 19123

14. GRAYSQUARE markets/sells to consumers installation of residential solar panels.

15. Defendant CONCORD SERVICING CORP. ("CONCORD") is a corporation with a principal office at 4150 N Drinkwater Blvd #200, Scottsdale, AZ 85251.

16. CONCORD services/collects from consumers the financing loans originated by SOLAR MOSAIC.

17. At all times relevant, each Defendant acted for the benefit of and on behalf of the other Defendants, and Defendant GRAYSQUARE and SUNWISE acted as the agents of SOLAR MOSAIC.

18. Upon information and belief, Defendants carry on a symbiotic business relationship in which GRAYSQUARE solicits customers at their homes on behalf of and for the benefit of SOLAR MOSAIC, SUNWISE sells and installs the solar panels, and SOLAR MOSAIC finances the transactions. All Defendants rely and depend on each other to carry out this course of business.

### III. STATEMENT OF CLAIM

***Defendants Forge the Contract and Refuse to Honor Plaintiff's Notice of Cancellation***

19. On or about December 1, 2022, Mr. Minto was solicited by a salesperson at his home in Philadelphia, PA.

20. On information and belief, the salesman, Do Hoang, was employed by and/or acting an agent of all the Defendants.

21. Defendants' salesman told Mr. Minto that the cost of solar panels installed on his home would be $20,000.00. The salesman told Plaintiff this was a government program to help senior citizens save on their electric bills.

22. Relying on the representation of the cost of installation, Mr. Minto agreed to have solar panels installed.

23. Plaintiff was not provided, nor given the opportunity to review, any paperwork or documents, paper or electronic.

24. The Defendants' salesman at no point mentioned a loan or a credit transaction.

25. Defendant's salesman never asked Mr. Minto's permission to access his consumer credit report and had no permissible purpose to access Mr. Minto's credit.

26. At one point, Defendants' salesman advised Mr. Minto that he could agree to the solar panel installation by email.

27. Mr. Minto advised Defendants' salesman in response that he does not have an email address.

28. Mr. Minto has no computer or tablet device, but only a smartphone. As for the smartphone, Mr. Minto does not know how to use its email capability and never had any email account as a result.

29. Defendants' salesman then proceeded to set up a fake gmail account on Mr. Minto's smartphone and, unbeknownst to Mr. Minto, caused MOSAIC to email Mr. Minto loan documents to the newly created gmail account.

30. Upon information and belief, having set up a gmail account for Mr. Minto to which MOSAIC sent loan documents for the solar panel installation, Defendants' Hoang signed those MOSAIC loan documents on behalf of Mr. Minto through Docusign.

31. Defendants did not provide a copy of any contract or other paperwork to Plaintiff, including notice of right to cancel. Defendants eventually caused solar panels to be installed on Plaintiff's home, even though no contract was provided to Plaintiff or signed by Plaintiff.

***Defendants Seek to Collect the Debt and Refuse to Honor Plaintiff's Notice of Cancellation***

32. On or about June 26, 2023, Defendant CONCORD sent a letter to Mr. Minto, stating that he had taken out a loan for $49,627.91 that was past due in the amount of $399.67.

33. Mr. Minto was confused because he did not recall taking out a loan and did not recognize CONCORD as someone, he had dealt with.

Case ID: 231202650

34. Mr. Minto eventually contacted the undersigned counsel herein who sent a letter on behalf of Mr. Minto to CONCORD and MOSAIC on or about July 6, 2023 requesting a copy of any contract for installation of the solar panels on his home.

35. On or about July 18, 2023, CONCORD sent a letter to Mr. Minto stating that it confirmed with MOSIAC that the MOSAIC account was valid but failed to attach any documentation to support its assertion.

36. On or about July 20, 2023, a copy of the Sunwise Installation Contract was provided to Mr. Minto by GRAYSQUARE for the first time ("Purchase Contract").

37. Thereafter, Mr. Minto received a copy of a 25-year Loan Contract with Mosiac to finance purchase of the solar panel installation ("Loan Contract").

38. Both the 25-year Loan Contract and the Purchase Contract bear the names and forged signatures and initials of Plaintiff. All of the signatures and initials on the 25-year Loan Contract and the Purchase Contract are forgeries.

39. The Loan Contract and Purchase Contract are forgeries signed only by Defendants' salesperson, and not Plaintiff.

40. When Plaintiff's granddaughter was finally able to obtain access to the fraudulent email account, the inbox only contained emails from Do Huang and SOLAR MOSAIC.

41. No notice of right to cancel was given with either the Loan Contract or Purchase Contract.

42. Do Hoang, the individual that signed the Purchase Contract on behalf of Defendants, was not licensed as a Home Improvement Sales Contractor by the Commonwealth of Pennsylvania.

Case ID: 231202650

43. After receiving these contract documents for the first time, on or about August 4, 2023, Plaintiff sent Defendants a notice of cancellation of the forged and hidden Loan Contract.

44. Despite receiving this notice of cancellation, Defendants did not cancel the contract.

45. Defendants continue to deem Plaintiff bound by the forged contracts and the payment terms therein and have made demands for payment.

### *Defendants' Pattern and Practice of Fraudulent and Deceptive Conduct*

46. Defendants, as a pattern and practice, regularly engage in forgeries and other fraudulent and deceptive conduct, or enable and condone such conduct.

47. SOLAR MOSAIC is a repeat offender, and the other Defendants knew or should have known this, but nonetheless continued their business relationships with SOLAR MOSAIC.

48. Upon information and belief, hundreds of other complaints have been filed against SOLAR MOSAIC alleging scams involving fraudulent contracts, hidden contracts, and the use of fake email addresses by salesmen to facilitate the scams. In one action in federal court in Florida, it was disclosed that dozens of consumers lodged such complaints with SOLAR MOSAIC.

49. Consumers across the country have complained that sales agents have engaged in forgeries or other fraudulent or deceptive conduct to put unknowing consumers into SOLAR MOSAIC contracts.

50. Some of these irate consumers have complained to organizations like the Better Business Bureau, or to state attorneys general.

51. Indeed, in 2023, the Attorneys General of Tennessee and Kentucky have sued Solar Mosaic for, *inter alia*, "committing all unfair, deceptive, and abusive practices when

8

offering and providing loans" to customers for the purchase and installation of solar systems, and for failing to honor requests to cancel.

52. Nonetheless, these complaints have not stopped SOLAR MOSAIC from continuing with the same systemic course of conduct of deceiving and defrauding consumers. Nor have they stopped the other Defendants from continuing to associate and/or partner with SOLAR MOSAIC, as Defendants continue to profit from their coordinated conduct.

53. Despite ample notice of serious problems with their corporate processes and operations, Defendants continued to allow and enable their sales agents to engage in forgeries and other fraudulent or deceptive conduct.

***Damage from Defendants' Fraudulent Conduct***

54. As a result of Defendants' willful, wanton, reckless, and/or negligent actions, Plaintiff has been damaged.

55. The Plaintiff's home is burdened with overly expensive solar panels. Upon information and belief, Defendants placed a lien on the home.

56. Defendants' willful, wanton, reckless, and/or negligent conduct has resulted in Plaintiff being fraudulently duped into contracts he never saw, burdened with solar panels under terms he never agreed to, and subjected to wrongful demands for payment pursuant to these forgeries. Moreover, Plaintiff has suffered mental and emotional distress, worry, and aggravation as a result of Defendants' actions.

## COUNT I
## FAIR CREDIT REPORTING ACT

57. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

58.  Defendants have violated the Fair Credit Reporting Act by willfully and/or negligently using and obtaining Plaintiff's consumer credit reports without a statutorily permissible purpose and upon false pretenses. 15 U.S.C. §§ 1681b(f), 1681n, 1681o, 1681q.

59.  Defendants' willful and/or negligent conduct includes but is not limited to the following:

(a) Continuing to give sales agents access to electronic tools that allow them to obtain a consumer's credit report without the consent of the consumer;

(b) Failing to adopt policies, procedures, and practices that would prevent sales agents from obtaining a consumer's credit report without the consent of the consumer;

(c) Failing to supervise sales agents to ensure that they would not obtain a consumer's credit report without the consent of the consumer;

(d) Failing to train sales agents to ensure that they would not obtain a consumer's credit report without the consent of the consumer;

(e) Failing to discipline sales agents to ensure that they would not obtain a consumer's credit report without the consent of the consumer; and,

(f) Employing quotas and/or sales goals/metrics that incentivize sales agents to pull credit reports without the consent of the consumer.

60.  Defendants' willful and/or negligent corporate action and/or inaction proximately caused damage to Plaintiff.

## COUNT II
## TRUTH IN LENDING ACT

61.  Plaintiff repeats the allegations contained above as if the same were here set forth at length.

Case ID: 231202650

62. The Truth in Lending Act mandates that lenders disclose certain "costs of credit" associated with the transaction at the time of consummation of the transaction.

63. Accurate disclosure of the "amount financed," the "finance charge," and the "Annual Percentage Rate" (APR) is necessary in order for consumers to be able to make meaningful comparisons of credit alternatives, and are mandatory disclosures. 15 U.S.C. § 1638.

64. Terms such as "amount financed," "finance charge," and "annual percentage rate" must be used, as well as a "descriptive explanation" of each of these terms. 15 U.S.C. § 1638(a).

65. The TILA mandates that these disclosures be written in a manner that is accurate, clear and conspicuous. *See* 15 U.S.C. §§ 1632(a), 1638(a)(2)–(5); Reg. Z, §1026.17(a).

66. Defendant did not provide the mandatory disclosures at the consummation of the fraudulent transaction and thus did not comply with the requirements of the TILA.

## COUNT III
## UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

67. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

68. At all times material, Defendants are "person(s)" engaged in trade or commerce as that term is defined by the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL"). *See* 73 P.S. §201-1.

69. The subject solar and finance contracts constitute and reflect the purchase of goods and services primarily for personal, family or household purposes as defined in the UTPCPL, 73 P.S. § 201-9.2.

70. Defendants' activities in connection with the sale and installation of the solar panels and the arranging of a loan to cover the cost of the sale and installation constitute the conduct of "trade and commerce" as defined in the UTPCPL, 73 P.S. § 201-2.

Case ID: 231202650

71. The goods or services at issue are in excess of $25.00.

72. As described above, the goods and services provided by Defendants were sold or contracted as a result of or in connection with a contact or call on Mr. Minto at his residence, either in person or by telephone, within the meaning of the UTPCPL, 73 P.S. § 201-7.

73. The sales presentation of Defednants to Mr. Minto, during which these Defendants intentionally misrepresented the nature of the transaction and intentionally failed to disclose the existence of a loan, constituted unfair or deceptive acts or practices under the UTPCPL, 73 P.S. § 201-2(4), which prohibits, among other things:

    (a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services. 73 P.S. § 201-2(4)(ii).

    (b) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have. 73 P.S. § 201-2(4)(v).

    (c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 P.S. § 201-2(4)(xxi).

74. Defendants' conduct in forging the contracts with Plaintiff and failing to provide the required notice of right to cancel contracts constituted unfair and/or deceptive acts within the meaning of the UTPCPL. *See* 73 P.S. §201-1 including but limited to (xxi) Engaging in any other fraudulent or deceptive conduct which creates likelihood of confusion or of misunderstanding.

75. Defendants' failure to give the proper notice of three day right to cancel as required by the UTPCPL is itself and unfair practice, entitling Mr. Minto to rescission of the transaction. 73 P.S. §201-7.

76. Defendants' actions were immoral, unscrupulous, unethical, and oppressive. Defendants knew or should have known of the requirements of UTPCPL, TILA, and FCRA and the special vulnerability of elderly homeowners, including Plaintiff, to in-person sales tactics and home improvement scams. Defendants nevertheless targeted Plaintiff for high-cost solar panels, misrepresented the nature of the transaction to Plaintiff, forged his signature on contracts, failed to provide copies of the contracts or notices of right to cancel, and violated numerous consumer protection statutes. Defendants enriched themselves at the expense of Plaintiff, who they knew to be a vulnerable person, harming the Plaintiff and frustrating public policy intended to protect consumers—especially elderly consumers—from fraud and abusive sales tactics.

77. Defendants' misrepresentations and omissions about the solar panels' cost and the nature of the transaction were likely to mislead consumers, especially since Defendants failed to provide a copy of the contracts and required an electronic, web-based transaction. Plaintiff interpreted Defendants' misrepresentations and omissions reasonably under the circumstances, and the misrepresentations and omissions materially affected his decision with respect to the solar transaction.

78. Plaintiff would not have agreed to the transaction if Defendants had disclosed to him the true nature and cost of the transaction.

79. As a direct, proximate, and foreseeable result of Defendants' violations of the UTPCPL, Plaintiff has suffered ascertainable losses, which include Plaintiff's purported contractual obligations under the forged Loan Contract and the forged Purchase Contract, and the

Case ID: 231202650

costs associated with removing the solar panels from the roof of the house (including any necessary repairs). Plaintiff has additionally suffered mental and emotional distress, worry, and aggravation as a result of Defendants' actions.

## COUNT IV
## FRAUD

80. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

81. Defendants intentionally failed to disclose certain facts that were known only to Defendants and Plaintiff could not have discovered, including the existence of the hidden agreements, that his signatures were forged on the agreements, that his name was placed on documents without his knowledge or consent, and other hidden facts.

82. Defendants prevented Plaintiff from discovering certain facts including the existence of the hidden agreements, that his signatures were forged on the agreements, that his name was placed on documents without his knowledge or consent, and other hidden facts.

83. Defendants intended to deceive Plaintiff by concealing the facts by, inter alia, not disclosing the facts to him, forging documents, completing and submitting forged documents, completing and submitting a falsified credit application, and other hidden facts.

84. Had the omitted and hidden information been disclosed, Plaintiff would have reasonably behaved differently, i.e. he would have taken steps to stop the forged and fraudulent transaction.

85. Plaintiff has been harmed by the fraud and deceit in that he has been damaged in the amount of their financial (and other) obligations under the agreements, collection attempts, and has also suffered invasion of privacy, mental and emotional distress, worry, and aggravation.

86. Defendants' fraud in this transaction was a proximate cause of Plaintiff's harm.

Case ID: 231202650

## COUNT V
## NEGLIGENCE

87. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

88. Defendants owed a duty of care to Plaintiff not to misrepresent the nature of and forge signatures on the subject solar installation and finance contracts, and to act reasonably in their conduct of business.

89. Defendants breached their duty of care by misrepresenting the contracts, forging Mr. Minto's signatures thereon, and refusing to cancel the fraudulent contracts.

90. Defendants breached their duty of care by failing to supervise, train, oversee, and prevent their sales agent from engaging in the conduct alleged herein, and by failing to supervise, train, and oversee each other.

91. Defendants' actions and inactions were the proximate cause of Mr. Minto's damages.

92. Plaintiff has been harmed by the fraud and deceit in that he has been damaged in the amount of their financial (and other) obligations under the agreements, collection attempts, and has also suffered invasion of privacy, mental and emotional distress, worry, and aggravation.

## COUNT VI
## IMPROPER USE OF IDENTIFYING INFORMATION UNDER 42 PA.C.S. § 8315

93. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

94. Defendants forged Plaintiff's signature on numerous documents, including the Loan Contract.

Case ID: 231202650

95. Defendants knowingly submitted a credit application, using Plaintiff's personal identifying information, without Plaintiff's knowledge or consent.

96. Defendants used Plaintiff's signature and personal identifying information to obligate Plaintiff to the Loan Contract and Purchase Contract without Plaintiff's authorization or consent.

97. As a result of Defendants' conduct, Plaintiff has suffered damages including the claimed indebtedness arising from the transaction, emotional distress, worry, anguish, and sleeplessness.

## COUNT VII
## FAIR DEBT COLLECTION PRACTICES ACT (CONCORD)

98. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

99. At all times relevant hereto Defendant CONCORD was attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

100. Defendant CONCORD, by its conduct as described above, violated the FDCPA as follows:

    (a) Used false, deceptive, or misleading representation or means in connection with the debt collection, 15 U.S.C. § 1692e

    (b) Used any unfair or unconscionable means to collect or attempt to collect the alleged debt, 15 U.S.C. §1692f

Case ID: 231202650

V. **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury as to all issues so triable.

VI. **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff demands judgment against Defendants for:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(e) An Order requiring return of Plaintiff's confidential consumer report and destruction of any copies;

(f) A declaratory judgment that the contracts involved herein are void and cancelled;

(g) Equitable relief requiring Defendants to remove the solar panels and repair any damage to Plaintiff's property;

(h) Attorney's fees and costs;

(i) Interest; and,

(j) Such other and further relief as the Court shall deem just and proper.

Case ID: 231202650

        Respectfully submitted:

Date:  December 21, 2023

/s/Andrew M. Milz
ANDREW M. MILZ
JODY T. LOPEZ-JACOBS
**FLITTER MILZ, P.C.**
450 N Narberth Ave, Suite 101
Narberth, PA 19072
(888) 668-1225

/s/Robert P. Cocco
ROBERT P. COCCO, P.C.
Pa. Id. No. 61907
1500 Walnut Street - Suite 900
Philadelphia, PA  19102
(215) 351-0200

*Attorneys for Plaintiff*

Case ID: 231202650

## VERIFICATION

I, EMANUEL MINTO, plaintiff in this matter, verify that I have read the foregoing complaint and the factual information contained therein is true and correct to the best of my personal knowledge, information and belief.

To the extent that the foregoing complaint contains legal conclusions, they are the product of my attorney.

I understand that the statements made in the foregoing complaint are made subject to the penalties of 18 Pa. §4904 relating to unsworn falsification to authorities.

Dated: WED 12.20.2023      x _Emanuel Minto_

Case ID: 231202650